IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICARDO ROBIRO RUEDA and<br>RICARDO FABIAN RUEDA GALIANO,<br>**Plaintiffs** | : | No. 3:26cv45 |
| | : | (Judge Munley) |
| v. | : | |
| DEPARTMENT OF HOMELAND<br>SECURITY; UNITED STATES<br>CITIZENSHIP and IMMIGRATION<br>SERVICES; SECRETARY OF DHS,<br>in his official capacity; and<br>DIRECTOR OF USCIS, in her official<br>capacity,<br>**Defendants** | : | |

## MEMORANDUM ORDER

Before the court is a *pro se* emergency motion for temporary restraining order ("TRO") filed by Plaintiffs Ricardo Robiro Rueda and Ricardo Fabian Rueda Galiano, (Doc. 2), in this matter involving the Department of Homeland Security's ("DHS") *Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorans, Guatemalans, Haitians, Hondurans, and Salvadorans* ("DHS Administrative Action"), 90 Fed. Reg. 58032 (Dec. 15, 2025).

Rueda and Rueda Galiano seek a TRO preventing defendants from enforcing the termination of the Family Reunification Parole and work authorization programs ("FRP programs") afforded to Rueda Galiano. Plaintiffs

"seek only to preserve the status quo" pending a ruling on the legality of defendants' actions. (Doc. 2 at 2).

As alleged in the emergency motion for TRO, Plaintiff Ricardo Robiro Rueda is a lawful permanent resident of the United States. Id. at 2, Factual Background ¶ 1.  On March 3, 2017, Rueda filed a Form 1-130 family-based immigrant petition with USCIS on behalf of his son, Rueda Galiano. Id. ¶ 2. USCIS approved the Form 1-130 petition on October 27, 2020. Id. ¶ 3.  On November 17, 2023, Rueda received an official invitation letter from USCIS to participate in the Family Reunification Parole Process for Ecuadorians. Id. ¶ 4. Plaintiffs fully complied with all DHS and USCIS requirements for the FRP program. Id. ¶ 5.  DHS then issued official travel authorizations permitting Rueda's son, Plaintiff Ricardo Fabian Rueda Galiano and his children to enter the United States. Id. ¶ 6. Rueda Galiano entered the United States lawfully on April 10, 2024, pursuant to Family Reunification Parole. Id. ¶ 7.  His parole and Employment Authorization Document are valid through April 9, 2027. Id. ¶ 8. Rueda Galiano alleges that he is lawfully employed, as is one of his adult children. Id. ¶¶ 9–10.  Additionally, Rueda Galiano's two minor children are currently enrolled in high school. Id. ¶ 10.

According to the plaintiffs, on January 5, 2026, DHS notified Rueda Galiano that: 1) the FRP programs were terminated; 2) Rueda Galiano must depart the

United States by Wednesday, January 14, 2026; and 3) his valid employment authorization would be revoked effective that same date. Id. ¶ 11. Plaintiffs assert that they were given no hearing, no individualized review, and no opportunity to appeal. Id. ¶ 12. They contend that defendants' actions constitute arbitrary and capricious agency action in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and that revocation of parole and employment authorization without process violates the Fifth Amendment's Due Process Clause.

Rueda Galiano is not the only individual subject to this DHS Administrative Action. On Saturday, January 10, 2026, the Honorable Indira Talwani of the District of Massachusetts granted an emergency 14-day stay of the DHS Administrative Action insofar as it revoked "previously granted parole and work authorization issued to noncitizens paroled into the United States pursuant to the FRP programs prior to the noncitizens' originally stated parole end dates." Doe v. Noem, No. 1:25-CV-10495-IT, 2026 WL 77330, at *3 (D. Mass. Jan. 10, 2026).

Doe is a class action. A review of the docket in Doe indicates that a motion to modify class definition was granted on January 10, 2026. (Doe v. Noem, Doc. 241). According to that order, a prior order granting class certification was modified to add the following subclass:

> All individuals who have received a grant of parole that is subject to the Termination of Family Reunification Parole

3

> > Processes for Columbians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans, 90 Fed. Red. 58032 (Dec. 15, 2025), rescinding individual grants of parole on a categorical and *en masse* basis.

Id.

The Doe court also appointed additional named plaintiffs to join previously named plaintiffs. Class counsel for the certified class has also been appointed. Therefore, it appears that Rueda and Rueda Galiano are members of the certified class in Doe as of just two days ago.

To maintain the status quo while this gets sorted out, the court will grant the TRO and require the government to respond on the issues.[1] The court may, in its discretion, later vacate this order, and then stay or transfer this action in light of Doe.

Under the law, "[a] temporary restraining order is a stay put, equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." J.O v. Orange Twp. Bd. of Edu., 287 F.3d 267, 273 (3d Cir. 2002) (citation omitted). "TROs may be issued without notice, so long as other procedural safeguards are followed." Doc #1 v. Noem, 781 F. Supp. 3d 246, 259 (D.N.J. 2025); see also FED. R. CIV. P. 65(b).

---

[1] To the extent that the DHS Administrative Action was intended to be effective as of January 14, 2026, the court issues this TRO without notice to the government.

The factors to consider in whether to grant a TRO or a preliminary injunction under Federal Rule of Procedure 65 are the same: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the movant in the absence of relief; (3) balance of the harms between the plaintiff on the one hand and the defendants on the other; and (4) the public interest. Osorio-Martinez v. Att'y Gen., 893 F.3d 153, 178 (3d Cir. 2018) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (quotation marks omitted). The issues of likelihood of success on the merits and irreparable harm are considered first, as they are the "most critical." Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). Should the government be the opposing party, the third and fourth factors are considered together. Id. (citing Nken, 556 U.S. at 435).

*Likelihood of success on the merits* – Plaintiffs assert that the sudden termination of FRP programs constitutes arbitrary and capricious agency action in violation of the APA "because it fails to consider reliance interests, provides no reasoned explanation, and applies without individualized determinations." (Doc. 2 at 3). Furthermore, Rueda Galiano argues that he was inspected and paroled into the United States and relied on lawful authorization to work and reside here. He contends that revocation of parole and employment authorization without process violates the Due Process Clause of the Fifth Amendment.

"A likelihood of success on the merits means only a reasonable probability of success—odds that are significantly better than negligible but not necessarily more likely than not." Doe, 781 F. Supp. 3d at 260 (citing Veterans Guardian VA Claim Consulting LLC v. Platkin, 133 F.4th 213, 218 (3d Cir. 2025); Reilly, 858 F.3d at 179) (internal quotation marks omitted). Moreover, interim injunctive relief "is supposed to be 'only a prediction about the merits of the case.'" Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec., 108 F.4th 194, 201 (3d Cir. 2024), cert. denied sub nom. Gray v. Jennings, 145 S. Ct. 1049 (2025) (quoting United States v. Loc. 560 (I.B.T.), 974 F.2d 315, 330 (3d Cir. 1992).

Understanding that plaintiffs proceed *pro se*, their argument on this factor is relatively undeveloped. Based on a preliminary review for the purposes of the TRO, the plaintiffs have a substantial likelihood of success with their "gives no reasoned explanation" argument. Specifically, it is unclear to the court whether the DHS Secretary explained her opinion as to why, after a case-specific parole determination, that the purposes of such parole have been served with respect to Plaintiff Rueda Galiano and his children. See 8 U.S.C. 1182(d)(5)(A).[2] This

---

[2] This full subsection provides:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent

factor has been met for a TRO.  Under the present time constraints, however, the court is unable to conduct a full merits review of the conduct of the DHS Secretary with respect to the challenged DHS Administrative Action.

*Likelihood of irreparable harm* – Revocation of parole will result in Rueda Galiano and his children accruing unlawful presence.  Understanding the current landscape, they will be subject to detention and deportation proceedings.  Rueda Galiano further indicates he will lose unlawful employment, his children will be forced to leave school mid-year, and the family will again be separated after lawful reunification.  This factor has also been met.

*Balance of harms; public interest* – Rueda Galiano has established the harm that is risked absent the TRO, while any harm to the government will be minimal for the short time that any TRO is in place.  Furthermore, the public interest favors compliance with the law, including the APA, and the due process

---

humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. 1182(d)(5)(A)

7

rights afforded to citizens and noncitizens alike. See Doe #1, 781 F. Supp. 3d at 268.

    Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Plaintiffs' emergency motion for a TRO, (Doc. 2), is **GRANTED** as of **January 12, 2026 at 5:00 PM**;

2) Plaintiffs shall post security in the amount of $100.00 with the Clerk of Court in accordance with FED. R. CIV. P. 65(c);

3) Defendants, their officers, agents, and all persons acting in concert with them are temporarily restrained from enforcing the termination of FRP programs as applied to Plaintiffs Ricardo Robiro Rueda, Ricardo Fabian Rueda Galiano, and Rueda Galiano's children;

4) Defendants are temporarily restrained from revoking or suspending any Employment Authorization Document issued to Plaintiff Ricardo Fabian Rueda Galiano;

5) Defendants are temporarily restrained from initiating removal or deportation proceedings against Plaintiff Ricardo Fabian Rueda Galiano based on the termination of FRP programs;

6) The government shall file a response to the motion on or before **January 20, 2026** and show cause as to why a preliminary injunction should not be issued;

7) Thereafter, a hearing will be scheduled, if necessary, within a period not to exceed 14 days from the date of this order;

8) The government shall indicate whether they consider plaintiffs to be members of the certified class in Doe v. Noem, No. 1:25-CV-10495-IT (D. Mass.) and subject to the TRO entered in that matter;

9) Plaintiff may file a reply on or before **January 23, 2026**; and

10) The Clerk of Court shall serve a copy of this order by United States Postal Service, Certified Mail, Return Receipt Requested;

Date: 1/12/26

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court